UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELIJAH LASHAUN MOORE,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-653-JD-JEM

FRANCES,

    Defendant.

OPINION AND ORDER

Elijah LaShaun Moore, a prisoner without a lawyer, filed a complaint about two unrelated events that took place on July 16, 2022, and July 19, 2022. ECF 1. He was given until March 1, 2023, to file an amended complaint that contained only related claims. ECF 11. He was cautioned that if he did not respond by the deadline, the court would select a claim and dismiss any unrelated claims. *Id.* That deadline has passed with no response from Moore, so the court will proceed to choose a claim for this lawsuit. The remaining claim will be dismissed without prejudice. Moore may assert that claim in a separate lawsuit, if he wishes, subject to the usual constraints of the Prisoner Litigation Reform Act.

The court will screen the claim from July 16, 2022, in which Moore's cell was flooded with contaminated water. ECF 1 at 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C.

§ 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Moore alleges that on July 16, 2022, around 4:06 pm his cell became flooded with up to half an inch of dirty water that was contaminated with feces. He alerted Officer Frances, who came to his cell and saw the mess but did nothing. Instead, the officer continued to hand out ice to other inmates. About an hour and a half later, Officer Frances began clearing the water from the cell using a wiper. But he did not allow Moore to sanitize his cell, nor did he allow Moore to take a shower, even though his feet had been in the dirty water and he had been cleaning out the water with his hands. Moore was not given a shower until two days later.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). The combination of unhygienic conditions *and* failure to provide a way to clean

may violate the Eighth Amendment. *See Budd v. Motley*, 711 F.3d 840, 843 (7th Cir. 2013). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. Deliberate indifference means that "the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Moore has plausibly alleged that the conditions in his cell rose to the level of a constitutional violation. He states a claim against Officer Frances, who personally saw the unsanitary conditions but did not allow Moore to sanitize his cell or take a shower within a reasonable amount of time. However, because Moore does not allege a physical injury from the alleged violation, the Prisoner Litigation Reform Act does not allow him to recover compensatory damages. *See Thomas v. Illinois*, 697 F.3d 612, 614 (7th Cir. 2012) ("Because 'no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury,' 42 U.S.C. § 1997e(e), a prisoner cannot obtain compensatory damages without proving a physical injury."). Thus, Moore will be limited to seeking nominal and punitive damages. *See Carey v.*

3

*Piphus*, 435 U.S. 247, 267 (1978) (defining nominal damages as damages "not to exceed one dollar").

For these reasons, the court:

(1) GRANTS Elijah LaShaun Moore leave to proceed against Officer Frances in his individual capacity for nominal and punitive damages for not allowing him to clean his cell or himself after exposure to feces-contaminated water on July 16, 2022, in violation of the Eighth Amendment;

(2) DISMISSES WITHOUT PREJUDICE the claim relating to the July 19, 2022, cell flooding;

(3) DISMISSES all other claims;

(4) DISMISSES George and Anderson;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Frances at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Frances to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 22, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT