UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ELIJAH LASHAUN MOORE,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-653-JD-JEM

FRANCES,

    Defendants.

OPINION AND ORDER

Elijah LaShaun Moore, a prisoner without a lawyer, is proceeding in this case "against Officer Frances in his individual capacity for nominal and punitive damages for not allowing him to clean his cell or himself after exposure to feces-contaminated water on July 16, 2022, in violation of the Eighth Amendment[.]" ECF 12 at 4. On July 26, 2023, Officer Frances filed a motion for summary judgment, arguing Moore did not exhaust his administrative remedies before filing suit. ECF 25. With the motion, Officer Frances provided Moore the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 28. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. This deadline passed over two months ago,

but Moore has not responded. Therefore the court will now rule on Officer Frances' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted *must* be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The Seventh

Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Officer Frances provides an affidavit from the Grievance Specialist at Miami Correctional Facility ("MCF") and Moore's grievance records, which show the following facts:[1] During all relevant times, MCF had an Offender Grievance Process in place that was available to Moore. ECF 25-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal attempt at resolution; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 3. Moore's grievance records indicate he did not complete any of these steps prior to filing this lawsuit. *Id.* at 6. Specifically, his grievance records show he never submitted or attempted to submit any formal grievance complaining he was exposed to feces-contaminated water or prevented from cleaning himself on July 16, 2022. *Id.*

Here, because it is undisputed Moore did not submit any grievance related to his claim against Officer Frances, and Moore provides no evidence his administrative remedies were unavailable, Officer Frances has met his burden to show Moore did not

---

[1] Because Moore has not responded to Officer Frances' summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Moore's grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

exhaust his available administrative remedies prior to filing this lawsuit. Summary judgment must be granted.

For these reasons, the court:

(1) GRANTS Officer Frances' summary judgment motion (ECF 25);

(2) DISMISSES this case without prejudice pursuant to 42 U.S.C. § 1997(e)(a); and

(3) DIRECTS the clerk to enter judgment in favor of Officer Frances and against Elijah LaShaun Moore and to close this case.

SO ORDERED on November 20, 2023

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

4